IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


MARK T. MORRIS                                                                                          PLAINTIFF

      v.                              Civil No.  14-5095

SHERIFF KELLY CRADDUCK;
CBM MANAGED SERVICES; and
CAROLINE ELLIS, Kitchen Manager                                                                    DEFENDANTS


### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to the terms of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.*

At the time he filed this action, Plaintiff was incarcerated in the Benton County Detention Center (BCDC). The case is before me on the motion to dismiss (Doc. 10) filed by the Separate Defendant Sheriff Kelly Cradduck. Plaintiff has not responded to the motion to dismiss.

### Background

While he was incarcerated at the BCDC, the Plaintiff contends his constitutional rights were violated. (Doc. 1). However, only his claims against Separate Defendant Sheriff Cradduck are at issue in this motion.

Plaintiff states that the jail was cited for "unsanitary infractions" involving the kitchen. Specifically, Plaintiff alleges that the dishwasher was broken causing the need for the trays to be washed by hand, which allowed germs to be spread, as the trays were not properly sanitized. Plaintiff also alleges that the sanitizer bottle was broken, and that Separate Defendant Caroline

Ellis of CBM Managed Services, "did not know what [s]he was doing." Plaintiff did not present facts relating to his complaint through the county prisoner grievance procedure.

## Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims).

## Discussion

Sheriff Cradduck maintains the complaint should be dismissed for the following reasons: 1) there is no plausible official capacity claim; and 2) Plaintiff made no allegations against Sheriff Cradduck in the complaint.

### A. Official Capacity Claim:

Plaintiff asserts a claim against Sheriff Cradduck in his official capacity. Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. In Gorman v. Bartch, 152 F.3d 907 (8th Cir.1998), the Eighth Circuit discussed the distinction between individual and official capacity suits. As explained by the Gorman case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. See Hafer v. Melo, 502 U.S. 21 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. Id. at 24–27. Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. Id. at 25–27.

Gorman, 152 F.3d at 914.

As noted above, to hold a governmental entity liable the action must have been pursuant to official governmental policy or custom that caused the constitutional injury. Monell v. Dep't of Soc. Servs., 346 U.S. 658, 691 (1978). Plaintiff has made no allegations suggesting a custom or policy of BCDC caused the alleged violations of his constitutional rights.

### B. Individual Capacity Claim:

Plaintiff also brought an individual capacity claim against Sheriff Cradduck. With respect to Plaintiff's allegations regarding the "unsanitary infractions" in the BCDC kitchen, there is no evidence that Sheriff Cradduck had personal involvement with the routine daily activities of the jail kitchen. Without some personal involvement, Sheriff Cradduck cannot be held liable. Lenz v. Wade, 490 F.3d 991, 995 (8th Cir.2007)(in §1983 action, prison officials

cannot be held liable under respondeat-superior theory; officials must know of and disregard excessive risk to inmate health and safety); Keeper v. King, 130 F.3d 1309, 1314 (8th Cir.1997)(general responsibility for supervising prison operations is insufficient to establish personal involvement required for §1983 liability; official who is not involved in medical decisions and has no medical expertise cannot be liable for medical staff's diagnostic decisions).

## Conclusion

For the reasons stated, I recommend that Separate Defendant Cradduck's motion to dismiss (Doc. 10) be granted.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of November 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)