IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE  DIVISION

MARK T. MORRIS                                                          PLAINTIFF

        v.                          Civil No.  14-5095

CAROLINE ELLIS, Kitchen Manager;                        DEFENDANTS
and CBM MANAGED SERVICES

**AMENDED REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

        This is a civil rights case filed by the Plaintiff pursuant to 42 U.S.C § 1983.  Plaintiff

proceeds *pro se* and *in forma pauperis.*

        The Plaintiff is currently incarcerated in the Arkansas Department of Correction (ADC),

Grimes Unit.  At the time relevant to this Complaint, Plaintiff was incarcerated in the Benton

County Detention Center (BCDC).  He maintains his constitutional rights were violated by the

Defendants' failure to maintain a sanitary kitchen.

        The case is before me on the Motion to Dismiss (Doc. 37) filed by the Defendants on June

17, 2015.  Plaintiff has not responded to the Motion.

        **1.  Background**

        According to the allegations of the Complaint (Doc. 1), on February 18, 2014, the Plaintiff

found out that the BCDC had been cited for unsanitary conditions in the kitchen.  Specifically,

Plaintiff alleges the dishwasher and hand sanitizer were broken.  Plaintiff further alleges that the

kitchen manager did not know what he was doing.

        Plaintiff alleges that the trays the inmate meals were served on were hand washed which

resulted in germs being spread around.  He asserts the trays were not properly sanitized.  As a

result, Plaintiff alleges he suffered "physical pain in his digestive system" and mental anguish.

Doc. 1 at pg. 5.

-1-

In the area of the Complaint where Plaintiff is asked whether he presented the facts relating to his complaint in accordance the county grievance procedure, Plaintiff answered no.  Doc. 1 at pg. 2.  If he answered no, Plaintiff was directed to explain why he had not submitted a grievance. Plaintiff responded: "I filled out the U.S. District Court application for the Western District."  Id. Plaintiff was incarcerated at the BCDC awaiting transfer to the ADC.

### 2. Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'"  Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'"  Braden, 588 F.3d at 594 (quoting Iqbal, 556 U.S. at 678).  The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3. Discussion

Defendants have moved to dismiss the case on the ground that Plaintiff failed to exhaust his administrative remedies.  Alternatively, they argue that Plaintiff has failed to state a claim upon which relief may be granted.

-2-

### (A).  Exhaustion

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires exhaustion of available administrative remedies before an inmate files suit.  Section 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Exhaustion is mandatory.  Porter v. Nussle, 534 U.S. 516, 524-25 (2002).  In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court concluded that "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules."  Id. at 218 (internal quotation marks and citation omitted).  The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to clam, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Id.* "[F]ailure to exhaust available administrative remedies is an affirmative defense, not a matter of subject matter jurisdiction."  Lenz v. Wade, 490 F.3d 991, 993 n. 2 (8th Cir. 2007).

The Supreme Court in Booth v. Churner, 532 U.S. 731, 738-39 (2001) held that "exhaustion is required where administrative remedies are available even if the available administrative remedies do not provide the precise, or full, relief sought."  Walker v. Maschner, 270 F.3d 573, 577 (8th Cir. 2001).  The exhaustion requirement applies to "all inmate suits about prison life."  Porter, 534 U.S. at 532.  This is true whether the claims "involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  Id.

AO72A
(Rev. 8/82)

Clearly, as stated in the Complaint, Plaintiff did not utilize the BCDC grievance procedure before filing this lawsuit. Defendants are entitled to dismissal of the Complaint.

### (B). Failure to State a Claim

A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" Jackson v. Nixon, 747 F.3d 537, 541 (8th Cir. 2014)(quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

Plaintiff's conditions of confinement claims are based on: (1) the dishwasher being broken resulting in the meal trays being hand washed; and (2) the hand sanitizer being broken. "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." County of Sacramento v. Lewis, 523 U.S. 833, 851 (1998)(citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. See Farmer v. Brennan, 511 U.S. 825, 832 (1994).

"The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities." Smith v. Copeland, 87 F.3d 265, 268 (8th Cir. 1996). Jail or prison officials must provide reasonably adequate ventilation, sanitation, bedding, hygienic materials, food, and utilities. Irving v. Dormire, 519 F.3d 441, 446 (8th Cir. 2008)(citation omitted).

To state an Eighth Amendment claim, the Plaintiff must allege that prison officials acted with "deliberate indifference" towards conditions at the prison that created a substantial risk of

-4-

serious harm. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces deprivation of a single, identifiable human need such as food, warmth, or exercise.'" <u>Whitnack v. Douglas County</u>, 16 F.3d 954, 957 (8th Cir. 1994)(quoting, <u>Wilson v. Sieter</u>, 501 U.S. 294 (1991)).

This standard involves both an objective and subjective component. The objective component requires an inmate to show that "he is incarcerated under conditions posing a substantial risk of serious harm." <u>Farmer</u>, 511 U.S. at 834 (citations omitted); <u>see also Hudson v. McMillian</u>, 503 U.S. 1, 2 (1992) (The objective component is "contextual and responsive to contemporary standards of decency.")(quotation omitted). To satisfy the subjective component, an inmate must show that prison officials had "a sufficiently culpable state of mind." <u>Farmer</u>, 511 U.S. at 834 (citations omitted); <u>see also Brown v. Nix</u>, 33 F.3d 951, 954-55 (8th Cir. 1994).

Plaintiff's allegations are clearly insufficient to state an Eighth Amendment claim.  He was not deprived of a single, identifiable human need.  Merely because dishes were hand washed does not mean they were not sanitary.  Similarly, there are other ways of sanitizing hands than using hand sanitizer, *e.g.,* soap and water.  There is nothing to suggest the Plaintiff was "incarcerated under conditions posing a substantial risk of serious harm." <u>Farmer</u>, 511 U.S. at 834.

### 4.  Conclusion

For the reasons stated, I recommend that the Defendants' Motion to Dismiss (Doc. 37) be **GRANTED.**

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file**

-5-

timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 3rd day of September 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)